George C. Paine, II
US Bankruptcy Judge
Dated: 07/28/08



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

ADAM STERN HOMES, INC.    )    **CASE NO. 08-02634**
Debtor    )    **CHAPTER 7**
    )    **JUDGE GEORGE C. PAINE III**

―――――――――――

## MEMORANDUM
―――――――――――

This matter is before the court on the trustee's motion to sell certain appliances in the course of his duties to administer this debtor's estate. The Bank of Nashville ("TBON") filed an objection to the trustee's sale claiming that the appliances were fixtures covered by their first position lien securing the property from which the appliances were removed. After an evidentiary hearing on whether the appliances are fixtures or personal property and therefore available for the trustee to liquidate, the court took the matter under advisement. For the reasons contained herein, the court overrules the Bank's objections and approves the sale of the assets free and clear of liens.

Adam Stern Homes, Inc. (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 28, 2008. Robert H. Waldschmidt was appointed as the chapter 7 trustee. The trustee noticed a sale of assets for miscellaneous personal property items including the appliances at issue. TBON then objected to the trustee's proposed sale alleging that the appliances were fixtures

covered by their lien.  The parties stipulated to the following:

1.  Appliances were removed from 1004 Vaughn Crest Drive, Franklin.

2.  The Bank of Nashville has a perfected security interest in the property at 1004 Vaughn Crest Drive, Franklin.

3.  The Bank of Nashville filed a proof of claim for funds advanced to Adam Stern Homes, Inc. in the amount of $1,662,594.89.

4.  The recorded Deed of Trust in favor of the Bank of Nashville references fixtures within its description of the collateral.

5.  The Bank of Nashville has not filed a financing statement covering appliances.

The following 10 assets were removed by the purchaser, a licensed contractor, with

no damage to the house:

| Appliance | Extent of "connection" |
|---|---|
| Wolf 60" Duel Fuel Range | Plugged in and connected to gas hose |
| Subzero 601R and 601F Refrigerator | Plugged in and connected to water line |
| Kitchen Aid 24" Wine Cooler | Plugged in |
| Kitchen Aid 18" Ice Maker | Plugged in - No Plumbing connections |
| Advantium Oven | Standard 3 wire |
| Wolf Warming Drawer | Plugged in |
| Thermador Dishwasher -2 | Standard 3 wire - No Plumbing connections |
| Whirlpool Electric Range | Plugged in |
| Whirlpool Dishwasher | Standard 3 wire - No Plumbing connections |
| Matching Whirlpool Microwave | Plugged in and hung from wall plate |

Thus, the court must decide, based on the proof, whether the above-listed items are fixtures covered by TBON's lien. The trustee offered the testimony of Ethan Massa and John Massa, both appraisers working for John H. Heldreth & Associates.  Ethan Massa explained that he supervised the purchaser's removal of the appliances.  By the pictures introduced into evidence and Ethan Massa's testimony, it is clear to the court that the kitchen in the house was unfinished.  The plumbing had not been fully hooked up, the countertops were not yet installed; and various finish carpentry still had to be done.  Both Massa witnesses described the appliances as "slide-ins" or otherwise fungible if replacement was needed.  They also

agreed that the appliances were easily removed and that no damage was incurred as a result of removal.

TBON relied upon the testimony of the debtor's principal, Adam Stern, Tim Kelley, a realtor and broker, and TBON senior vice president, Ellen Hackett. All three of these witness characterized the appliances as "built-in" and necessarily part of the residence. Adam Stern testified that he considered the appliances an essential "built-in" component of the luxury-type house requiring a licensed electrician to remove some of the hard-wired appliances. Tim Kelley agreed with Mr. Stern. Finally, Ellen Hackett testified that her visit to the house left the impression that the appliances were certainly "built-in."

> In Tennessee,
>
> only those chattels are fixtures which are so attached to the freehold that, from the intention of the parties and the uses to which they are put, they are presumed to be permanently annexed, or a removal thereof would cause serious injury to the freehold. The usual test is said to be the intention with which a chattel is connected with realty. If it is intended to be removable at the pleasure of the owner, it is not a fixture.

**In re Northern,** 294 B.R. 821, 828-29 (Bankr. E.D.Tenn. 2003) **quoting Hickman v. Booth**, 131 Tenn. 32, 173 S.W. 438 (1915) (internal citations omitted). Of these factors, intent and purpose control. **Id.**

The court finds that the facts and circumstances of this case do not show that these appliances were intended to be included as fixtures. TBON generally described fixtures within its security documents but took no action to insure that these "high-end" appliances that were to allegedly be "built-in" to the home were specifically included as fixtures. The appliances were not affixed to this realty in any

special way, and in fact were removed without any damage.  The testimony of the trustee's witnesses, and the proof offered at trial convinces this court that on balance, these appliances were not fixtures.

TBON's objection to the trustee's sale is therefore OVERRULED.  The trustee shall prepare an order not inconsistent with this Memorandum within ten (10) days of entry.

**THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

This Order has Been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.